UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THERESA STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | Case No. 2:24-cv-00195-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Equifax Information Services LLC's Motion to Stay Discovery pending resolution of its Motion to Dismiss.[1] ECF No. 29. The Court considered Defendant's Motion, Plaintiff's Opposition (ECF No. 31), and Defendant's Reply (ECF No. 32).

**I.     Background**

In her Complaint Plaintiff alleges that Equifax, a Consumer Reporting Agency ("CRA"), violated the Fair Credit Reporting Act ("FCRA") by failing to "maintain reasonable procedures to assure maximum accuracy" of information contained in her credit report as required by 15 U.S.C. § 1681e(b). ECF No. 1. Specifically, Plaintiff claims Equifax failed to report the status of her student loan as discharged and instead reported the loan as delinquent. *Id.* ¶¶ 126; 137. While most student loans are not dischargeable through bankruptcy, Plaintiff asserts her loan was discharged because it was a private loan used to attend a school not accredited under Title IV, as well as because the amount of the loan exceeded her cost of attendance. *Id.* ¶¶ 46-47. In its Motion to Dismiss, Equifax asserts that none of the information available in the bankruptcy docket or through Plaintiff's loan servicer, American Education Services ("AES"), indicated the loan was discharged. ECF No. 18 at 8-9. Because of this, Equifax asserts Plaintiff fails to allege a cognizable claim under § 1681e(b). *Id.* After Equifax's Motion to Dismiss was fully briefed, Equifax filed the instant Motion to Stay Discovery.

---

[1] Equifax Information Services LLC is referred to herein as "Equifax."

1

## II. Discussion

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Typically, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. This said, the ultimate question for the Court is whether, under Rule 1 of the Federal Rules of Civil Procedure, it is more efficient to move discovery forward while the dispositive motion(s) is pending or to limit discovery with the aim of resolving the case in the most inexpensive manner possible. *Id.* at 603. Further, cases involving difficult and detailed questions of law and fact are the exact type of cases that necessitate a stay under the principles of Rule 1 that requires courts to act in furtherance of the "just, speedy, and inexpensive" determination of actions. *Schrader v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

Here, Equifax's Motion to Dismiss, if granted, would be dispositive of the entire case. Further, a "preliminary peek" at the merits convinces the Court that the Motion is likely to be granted. Plaintiff argues that a stay of discovery is improper because Defendant's Motion to Dismiss raises factual issues; in particular, whether Plaintiff's loan was discharged. ECF No. 31 at 5-6. But whether Plaintiff may bring a valid claim against a CRA under § 1681e(b) does not depend on whether her debt was, in fact, discharged. Even assuming a debt is inaccurately reported, the determinative issue is whether the procedures used by the CRA to ensure accuracy were reasonable. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("Liability under § 1681e(b) is predicated on the reasonableness of the [CRA]'s procedures in obtaining credit information."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (stating that "[a] credit reporting agency is not liable under the FCRA if it followed reasonable procedures to assure maximum possible accuracy but nonetheless reported inaccurate information in the consumer's

credit report") (internal quotation marks omitted); *Darrin v. Bank of Am., N.A.*, Case No. 2:12-cv-00228-MCE-KJN, 2014 WL 1922819 (E.D. Cal. May 13, 2014) ("[T]he correct legal analysis under § 1681e(b) looks to whether the CRA relied on information received from a source that it reasonably believes to be reputable.").[2] Thus, Equifax argues its Motion to Dismiss will be successful because, as a matter of law, the FCRA imposes no obligation to investigate further when neither the contents of Plaintiff's bankruptcy docket nor the information provided by Plaintiff's creditor indicated that her loan was discharged.[3] ECF No. 29 at 4. Plaintiff's Response fails to cite any decisions holding the contrary (*see* ECF No. 31) and relevant precedent supports Equifax's argument.

When considering a similar question under the FCRA, the one court in the District of Nevada plainly stated "[t]he Ninth Circuit has not interpreted the Act as requiring CRAs to determine if a debt has been discharged when obtaining information or reinvestigating a consumer's dispute." *Ashcraft v. Welk Resort Group, Corp.*, Case No. 2:16- cv-02978-JAD-NJK, 2021 WL 950658, at *10 (D. Nev. Mar. 12, 2021). The District of Oregon made this point succinctly: the obligations of CRAs under 1681e(b) "relate to the maintenance and operation of [their] own internal databases rather than to investigation of the accuracy of information received from external sources." *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1081 (D. Or. 2007). Other circuits have reached similar conclusions. *See, e.g.*, *Henson*, 29 F.3d at 285 (the FCRA does not require CRAs "to go beyond the face of numerous court records to determine whether they correctly report the outcome of [an] underlying action"); *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008) ("A credit reporting agency has no duty ... to go behind public records to check for accuracy or completeness when a consumer is essentially collaterally attacking the underlying credit information.") (quoting *Williams v. Colonial Bank*, 826 F. Supp. 415 (M.D. Ala. 1993)).

Plaintiff submits it was unreasonable for Equifax to rely on information provided by her loan servicer, AES. ECF No. 25 at 6. Again, however, relevant case law is contrary to this contention.

---

[2] The parties heavily dispute the status of Plaintiff's loan. However, the above cited case law demonstrate this dispute is not what must be decided to resolve the Motion to Dismiss or, therefore, whether a stay of discovery is warranted.

[3] Plaintiff's Complaint also alleges Defendant did not properly investigate the dispute letters she sent on December 22, 2022, and March 9, 2023. But these letters, which are identical in their dates, do not state why she believes her loan was discharged despite student loans being presumptively nondischargeable. ECF No. 1 Ex C-D. Nor do the letters direct Equifax to any source or reference that would verify her claim.

*Gauci v. Citi Mortg.*, Case No. 2:11-CV-01387-ODW, 2012 WL 1535654, at *15 (C.D. Cal. Apr. 30, 2012) ("When a credit reporting agency correctly reports the information furnished by the creditor, the credit report is considered as 'accurate' within the meaning of the FCRA, even when there is an ongoing dispute as to the validity of the debt."). To support her argument that Equifax's reliance was unreasonable Plaintiff cites to guidance by the Consumer Financial Protection Bureau ("CFPB") on unfair collection practices of private student loans by servicers, as well as civil investigation proceedings against Pennsylvania Higher Education Assistance Agency ("PHEAA"). ECF No. 25 Ex. A. But this guidance was published after Equifax issued the credit report at the center of Plaintiff's Complaint, and PHEAA is not listed as the servicer of Plaintiff's loan on any of her bankruptcy filings. ECF Nos. 1 Ex. B; 18 Ex. A. The only creditor listed in Plaintiff's bankruptcy pertaining to her student loan, AES, is not mentioned in the CFPB publications cited by Plaintiff.

Regarding the second prong of the analysis, Plaintiff does not explain why discovery is necessary to resolve Equifax's Motion to Dismiss. Other courts have disposed of analogous claims under § 1681e(b) at the pleadings stage without discovery. *See Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022) (affirming dismissal of FCRA claim even though "CRAs had notice of [plaintiff's] general discharge," because "that fact alone is insufficient to trigger a duty to investigate"). Here, Plaintiff argues Equifax should have more thoroughly investigated the bankruptcy docket through PACER to determine whether her loan had been discharged, but the entire docket for her bankruptcy case is already included in the pleadings. ECF No. 18 Ex B. Plaintiff also asserts that she attended a non-Title IV school, and thus her loan was not for a qualifying educational purpose under 11 U.S.C. 523(a)(8)(B). ECF No. 31 at 9. Plaintiff further asserts this fact is objectively verifiable through publicly available resources. *Id.* at 10. Importantly, even assuming the school Plaintiff attended is not a Title IV school, the Court may take judicial notice of this fact under Federal Rule of Evidence 201; hence, discovery is not necessary. Finally, Plaintiff's Response does not explain how she would be prejudiced by a brief stay of discovery pending resolution of Defendant's Motion, beyond a generic invocation of the dangers of time passing. *Id.* at 11.

     In sum, case law inside and outside of the Ninth Circuit supports the conclusion that Equifax is substantially likely to prevail in its Motion to Dismiss. The Court further finds discovery is not needed to resolve the Motion to Dismiss. However, even if leave to amend Plaintiff's Motion is granted, a discovery stay at this juncture serves the overall goals of Rule 1 of the Federal Rules of Civil Procedure.

### III.    Order

     Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 29) is GRANTED.

     IT IS FURTHER ORDERED that the Joint Stipulated Discovery Plan and Scheduling Order (ECF No. 30) is DENIED as moot.

     Dated this 29th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE