UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THERESA STONE, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-00195-GMN-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Theresa Stone's Motion for Reconsideration (ECF No. 38) that asks the Court to review its Order granting a stay of discovery in this matter (ECF No. 37). Plaintiff does not discuss the standard for reconsideration albeit she applies the standard arguing the Court misapprehends the facts and law.  ECF No. 38 at 2-6.

I.      **The Reconsideration Standard**.

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). Rule 60(b) is not applicable here. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  United States District Court for the District of Nevada Local Rule 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction.  Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  This authority, however, "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case." *Mkhitaryan v. U.S. Bank, N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL

211091, at *1 (D. Nev. Jan. 18, 2013) *citing Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).

## II.   The Court Misstated Plaintiff's Reference to AES, Which is Apparently a DBA of PHEAA, but Did Not Misstate the Basis of Plaintiff's Complaint.

Plaintiff alleges the Court misapprehended two facts warranting reconsideration.  Plaintiff says her Complaint asserts "that it was not reasonable for Equifax to rely upon the creditor's information in issuing its credit report because the creditor, a student lender, was not a reasonable source."  ECF No. 38 at 2.  Plaintiff says she has pointed out to the Court (in opposition to Equifax's Motion to Dismiss) that the Consumer Financial Protection Bureau ("CFPB") found "private student loan servicers such as" Plaintiff's loan servicer (PHEAA) treated student loans as non-dischargeable when such loans were discharged in bankruptcy. *Id.*  Plaintiff argues that whether Equifax's reliance on the information from her loan servicer was reasonable is, therefore, a question of fact. *Id.*

More specifically to the reconsideration Plaintiff seeks, she argues the Court made an error of fact when it did not recognize her loan servicer as the loan servicer mentioned in an exhibit she filed with the Court attached to her Complaint. *Id.* at 2 *citing* ECF No. 1, Ex. B, and ECF No. 18, Exhibit A.  ECF No. 1 is Plaintiff's Complaint.  Exhibit B, one of eight exhibits in a single 142 page submission, is Plaintiff's schedule of creditors filed with the bankruptcy court.  This schedule lists "AES Bank of America" as a "Student Loan" after which the word "Educational" appears.  ECF No. 1-3 at 9.  PHEAA is not mentioned anywhere in Plaintiff's schedule of creditors. *Id.* at 7-23.  Exhibit A to ECF No. 18—Equifax's Motion to Dismiss—is the Bankruptcy Court Docket.  ECF No. 18-2. This document mentions neither AES nor PHEAA.

Nevertheless, Plaintiff argues AES is identified in her Complaint as a trade name for PHEAA.  ECF No. 38 at 2.  This is true.  ECF No. 1 ¶ 36.  To the extent the Court misstated the relationship between PHEAA and AES, the Motion for Reconsideration is granted to correct this error.

Plaintiff argues the Court made a second error of fact when it considered her case based on the issuance of a particular credit report when her 140 paragraph Complaint was actually based on

"the continued reference in Equifax's records to Plaintiffs' [sic] debt as past due" or "charged off." ECF No. 38 at 3 *citing* ECF No. 1 ¶ 51. Here, the Court made no error.

A review of Plaintiff's Complaint (ECF No. 1) shows there is no allegation identifying AES, which is defined as the "furnisher" of information to Equifax (a credit reporting agency or "CRA"), as a source on which Equifax could not rely. Rather, Plaintiff attacks AES as knowing her loan was discharged, but not reporting it as such. *Id.* ¶ 49. Plaintiff then makes the leap that because AES should have reported the student loan as discharged, Equifax's report of the loan as not discharged was a violation of the FCRA at 15 U.S.C. § 1681e(b). *Id* ¶ 59. In between, Plaintiff references two complaint letters she sent to Equifax. ECF No. 1-3 at 117, 128. These letters are virtually identical, do not mention PHEAA, do not explain why Plaintiff believes the loans were discharged, and do not cite to anything in the bankruptcy record or other source on which Equifax was supposed to rely to credit her statement as true. *Id.* Further, Plaintiff admits that Equifax responded to both letters. *Id.* at 121-124, 131-142. These responses show Equifax followed up on each complaint letter received from Plaintiff updating the credit report and verifying the information Plaintiff disputed was accurate. *Id.* at 123-24; 135, 137.

Plaintiff's two legal claims arise under one statute, 15 U.S.C. § 1681e(b). *Id.* at 18:25 and ¶¶ 118-128 (alleging a negligent violation of the statute); at 20:7 and 20-21 ¶¶ 129-139 (alleging a willful violation of the statute). 15 U.S.C. § 1681e(b) states: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (Underlines removed.) Plaintiff alleges that "[i]n preparing Credit Reports, Defendant … failed to use reasonable procedures to ensure maximum possibly [sic] accuracy of information relating to the discharged Non-Qualified Education Loans of Plaintiff and the Class, in violation of 15 U.S.C. § 1681e(b)." ECF No. 1 ¶¶ 122, 133. Plaintiff further alleges Equifax "has no procedure at all to evaluate whether a student loan is a Qualified Education Loan[] that is non-dischargeable[] or a Non-Qualified Education that is discharged in bankruptcy." *Id.* ¶¶ 123, 134. Plaintiff goes on to allege Equifax inaccurately reports private student loans even after they are discharged in bankruptcy, and that Equifax could adopt reasonable procedures "such as by requiring furnishers of credit information to

indicate through a binary code whether each education loan reported was issued for attendance at a Title IV institution" that would then allow a determination of whether the debt was discharged. *Id*. ¶¶ 124-25, 135-36.

After complaining about what her lender (the "furnisher" of information to Equifax) knew, Plaintiff alleges "Equifax accepts whatever information is provided by furnishers without having any procedure to ensure that reporting of that debt is accurate." *Id*. ¶ 70. Plaintiff also alleges Equifax did not take "any action to ensure accuracy of dischargeable student loan accounts post-bankruptcy, let alone maximum possible accuracy." *Id*. ¶ 71.

In its Motion to Dismiss Equifax argues Plaintiff's contention can be summarized as "Equifax should not have relied on representations by the owner and servicer of her Student Loan that it was past due with an outstanding balance," should have rejected the representations, and should have done its own research to determine if Plaintiff's loan was discharged. ECF No. 18 at 7. Equifax, pointing to Plaintiff's Exhibit C to her Complaint—the Order of Discharge—correctly states the Order does not mention Plaintiff's student loans specifically and instead states "some debts are not discharged" including "debts for most student loans." ECF No. 1-3 at 27. Equifax also correctly notes that the docket regarding Plaintiff's bankruptcy proceeding is silent with respect to an adversary proceeding in which Plaintiff seeks a determination that her student loans were discharged. ECF No. 18-2. The Court's Order granting Defendant's Motion to Stay Discovery stated Plaintiff's Complaint alleges Equifax is a Consumer Reporting Agency that violated the FCRA "by failing to maintain reasonable procedures to assure maximum accuracy of information contained in her credit report as required by 15 U.S.C. 1681e(b)." ECF No. 37 at 1 (internal quote marks omitted).

Based on the above discussion the Court finds this summary is accurate. The Court was correct when it stated PHEAA is not listed as a servicer of Plaintiff's loan on any of her bankruptcy filings; and, Plaintiff points to nothing in the record to the contrary. Instead, Plaintiff points to paragraph 36 in her Complaint in which she states AES is a dba of PHEAA. Importantly, Plaintiff's Complaint was filed long after Equifax credit reports were created based on then-available information. Further, even assuming Plaintiff's reference to PHEAA as an entity the CFPB

determined improperly failed to report the discharge of student loans, Plaintiff does not offer evidence that this fact was part of any information reasonably available to Equifax within the confines of the law to which it is bound under 15 U.S.C. § 1681e(b).  The Court finds there is no error in fact requiring revision to its decision to stay discovery.

**III.     The Court Did Not Misapprehend the Law**.

Plaintiff argues the Court's reliance on *Gauci v. Citi Mortgage*, Case No. 2:11-cv-1387, 2012 WL 1535654 (C.D. Cal. Apr. 30, 2012), was misplaced.[1]  ECF No. 38 at 4.  The court in *Gauci* plainly states: "In the Ninth Circuit, credit reports are considered accurate under the FCRA where the credit reporting agencies correctly report information furnished by the creditor, even when there is a pending legal dispute between plaintiff and creditor as to the validity of the debt."  *Gauci*, 2012 WL 1535654 at *5.  Plaintiff says, despite this language, it was unreasonable for Equifax to rely on PHEAA's report that her loan was past due.  ECF No. 38 at 5.  Plaintiff argues the language of *Gauci* is taken out of context in her case because *Gauci* relies on *Cravallo v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010), which *Grigoryan v. Experian Info Sol. Inc.*, 84 F.Supp.3d 1044 (C.D. Cal. 2014), says was misinterpreted.  *Id*.  Plaintiff contends the issue in neither her case nor in *Grigoryan* was an ongoing legal dispute.  *Id*. at 4-5.  Instead, Plaintiff says the information reported by her lender was "objectively false information."  *Id*. at 5.  Interestingly, Plaintiff does not cite the objective false information or the evidence that demonstrate the false information was, in fact, *objectively* (patently) false.  *Id*. at 5-6.  Plaintiff also cites only a portion of the *Grigoryan* decision.  *Id*. at 5.

The Court in *Grigoryan* explains that in *Cravallo* and *Gauci*, as is true here, there was a clear dispute regarding whether the report of the underlying debt was accurate.  84 F.Supp.3d at 1066.  *Grigoryan* goes on to state, credit reporting agencies are "ill-suited" to resolve such disputes.  *Id*.  *Grigoryan* does state the fact of the dispute in that case did not stop the plaintiff from "making a prima face showing" that information on her credit report was factually inaccurate.  *Id*.  However, the distinction *Grigoryan* draws, which Plaintiff ignores, is between patent errors and latent errors in a credit report.  *Id*. at 1066-67 (citing *Starkey v. Experian Solutions, Inc.*, 32 F.Supp.3d 1105 (C.D.

---

[1]     Plaintiff misidentifies the title of this case as "*Gauche*."  ECF No. 38 at 4:1.

1   Cal. 2014).  In *Grigoryan*, the court held credit report agencies do not violate 15 U.S.C. § 1681e(b)

2   when they "accurately transcribe … information received from a source that the … [agencies]

3   reasonably believe[] to be reputable, and which is credible on its face …" *Id*. at 1067-68 (collecting

4   cases).  Moreover, *Grigoryan* takes pains to make clear it is not unreasonable for CRAs to rely on

5   information provided by creditors even when the information contains errors.  *Id.* at 1068.

6          Here, the evidence Plaintiff points to suggesting Equifax could not rely on what AES reported

7   is a report that post-dates one credit report at issue and, in any event, does not mention PHEAA.

8   *Compare* ECF No. 1-3 at 12 (dated January 26, 2023) *and* ECF No. 25-2.  Further "[t]he fact that

9   the information may have been inaccurate does not demonstrate … [Equifax] did not employ

10  reasonable procedures to ensure the accuracy of the information under § 1681e(b) … as its

11  obligations under … the … statute relate to the maintenance and operation of its own internal

12  database rather than to investigation of the accuracy of information received from external sources."

13  *Grigoryan*, 84 F.Supp.3d at 1068 (internal citation omitted).  Importantly, as explained in *Ashcraft*

14  *v. Welk Resort Group, Corp.*, Case No. 2:16-cv-02978-JAD-NJK, 2021 WL 950658, at *10 (D. Nev.

15  Mar. 12, 2021), "[t]he Ninth Circuit has not interpreted the … [FCRA] as requiring CRAs to

16  determine if a debt has been discharged when obtaining information or reinvestigating a consumer's

17  dispute."  *See also Cristobal v. Equifax, Inc.*, Case No. 16-cv-06329-JST, 2017 WL1489274, at *3

18  n.4 (N.D. Cal. Apr. 26, 2017) (noting that the FCRA does not require CRAs to "act as a tribunal or

19  'scour' a bankruptcy file and make judgments about which debts are included").

20         The above demonstrates the Court made no error of law.  In the absence of an error in law,

21  together with an immaterial error of fact, the Court finds no basis for reconsideration.

22  **IV.    Order**

23         Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF

24  No. 38) is DENIED.

25         Dated this 23rd day of September, 2024.

26

27
    ELAYNA J. YOUCHAH
28  UNITED STATES MAGISTRATE JUDGE

6