UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THERESA STONE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>EQUIFAX INFO. SERVS., LLC,<br><br>　　　　　　Defendant. | Case No.: 2:24-cv-00195-GMN-EJY<br><br>**ORDER DENYING<br>MOTION TO DISMISS** |

　　　Pending before the Court is the Motion to Dismiss, (ECF No. 18), filed by Defendant Equifax Information Services, LLC.  Plaintiff Theresa Stone filed a Response, (ECF No. 25), to which Defendant filed a Reply, (ECF No. 28).

　　　Also pending before the Court is Plaintiff's Motion for Leave, (ECF No. 33).  Defendant filed a Response, (ECF No. 34).  For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss, and **DENIES as MOOT**[1] Plaintiff's Motion for Leave.

I.　　**BACKGROUND**

　　　This action arises from Defendant's alleged inaccurate reporting of Plaintiff's student loan debt. (*See generally* Compl., ECF No. 1).  Plaintiff is a "consumer" as that term is defined by the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681a(c).  Defendant is a "consumer reporting agency" ("CRA") within the meaning of the FCRA because it uses means and facilities of interstate commerce for the purpose of furnishing credit reports. 15 U.S.C. § 1681a(f).  Plaintiff was formerly enrolled at an unaccredited university that was not a Title

---

[1] In Plaintiff's Motion for Leave, she argues that "[o]ne of the primary issues for the Court's determination is whether the Plaintiff's student loan was nondischargeable unless and until an adversary proceeding was brought to determine whether it was dischargeable." (Mot. Leave 2:17–18, ECF No. 33).  The Court finds that it does not need to make that determination at this stage in the proceedings.  As such, Plaintiff's Motion for Leave is **DENIED as MOOT**.

IV-eligible institution under the Higher Education Act or 26 U.S.C. § 221(d). (Compl. ¶ 33). Plaintiff was not eligible for federally funded student loans because the university was not a Title IV school. (*Id.* ¶ 34). Thus, she took out a private loan which exceeded the cost of attendance for the university that year. (*Id.* ¶¶ 35, 36). Because the loan was not made solely for the "cost of attendance" and the university was not a Title IV school, the loan was not a "qualified education loan" as that term is defined pursuant to 26 U.S.C. § 221(d)(1) and 11 U.S.C. § 523(a)(8)(B). (*Id.* ¶ 38).

In 2017, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada, Case No. 17-bk-11490 (*In re Theresa Stone*) (the "bankruptcy"). (*Id.* ¶ 40). The Bankruptcy Court entered an order discharging all of Plaintiff's properly scheduled, pre-petition debts. (*Id.* ¶ 45). Plaintiff alleges that the loan at issue was discharged during her bankruptcy proceedings because the loan was not a "qualified education loan." (*Id.* ¶¶ 46, 47). Despite her loan being discharged, and Plaintiff's communication with Defendant, it continues to report this loan as "past due" with an outstanding reported balance. (*Id.* ¶ 51, 52).

Plaintiff brings the instant action under the FCRA alleging: (1) willful failure to employ reasonable procedures to assure maximum possible accuracy of credit reports in violation of 15 U.S.C. § 1681e(b); and (2) negligent failure to employ reasonable procedures to assure maximum possible accuracy of credit reports in violation of § 1681e(b). (*See generally id.*).

## II. LEGAL STANDARD

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's case for failure to state a claim.  Defendant also seeks to either dismiss or strike Plaintiff's demand for declaratory and injunctive relief.  The Court first addresses the merits of Plaintiff's claims before assessing whether to dismiss or strike her relief.

**A. FCRA Claims**

Defendant moves to dismiss Plaintiff's FCRA claims for failure to state a claim under FRCP 12(b)(6).  As the Supreme Court explained in *TransUnion LLC v. Ramirez,* "the [FCRA] seeks to promote 'fair and accurate credit reporting' and to protect consumer privacy." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021) (quoting § 1681(a)).  "To achieve those goals, the Act regulates the consumer reporting agencies that compile and disseminate personal information about consumers." *Id.*  The Act "imposes a host of requirements concerning the creation and use of consumer reports." *Spokeo, Inc. v. Robins*, 578 U. S. 330, 335 (2016).  The Act creates a cause of action for consumers to sue and recover damages for certain violations of the Acts requirements. *Id.* at 419.

Here, Plaintiff brings two claims under § 1681e(b).  Section 1681e(b) states: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  Thus, to state a claim under 15 U.S.C. § 1681e(b), Plaintiff must allege,

among other elements not at issue in the Motion to Dismiss, that "(1) the defendant included inaccurate information in a plaintiff's credit report" and (2) "the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy." *Poffenbarger v. Equifax*, No. 3:23-CV-00034-SLG, 2023 WL 5724425, at *4 (D. Alaska Sept. 5, 2023) (quotation omitted).

### 1. Inaccurate Information

"[B]efore a court considers the reasonableness of the agency's procedures, the consumer must make a prima facie showing of inaccuracy in the agency's reporting." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (further citations omitted). Defendant argues that Plaintiff does not allege that Equifax's reporting was inaccurate. (Mot. Dismiss 15:24, ECF No. 18). To support its argument, Defendant first contends that this dispute is a "legal inaccuracy" that is "not cognizable under the FCRA" because it is not based on "objectively and readily verifiable information." (*See id.* 15:1–2); *see Mader v. Experian Info. Sols., Inc.,* 56 F.4th 264, 266, 269 (2d. Cir. 2023). Defendant further argues that even if the inaccuracy was cognizable, Plaintiff has not alleged that Equifax's reporting was inaccurate. (Mot. Dismiss 15:2–3).

Plaintiff's Complaint alleges that her credit report inaccurately listed her discharged loan as "past due," when the debt had already been discharged in the bankruptcy. (Compl. ¶¶ 125–26, 136–37). Plaintiff alleges that her specific type of student loan was dischargeable under applicable bankruptcy law and was therefore automatically discharged at the conclusion of her bankruptcy proceedings. Taking those allegations as true, which the Court must do at this stage, Defendant reported an inaccuracy when it labeled Plaintiff's discharged student loan as being "past due." Accordingly, Plaintiff's Complaint contains sufficient factual matter to state a claim to relief that is plausible on its face as to this element.

### 2. Reasonableness of Procedures

Because Plaintiff has sufficiently alleged that Defendant reported an inaccuracy, the Court now considers the reasonableness of Defendant's procedures. Defendant argues that Plaintiff did not adequately allege that Defendant failed to follow reasonable procedures to assure maximum possible accuracy. (Mot. Dismiss 11:26). CRAs, like Defendant, "are not tribunals" but instead "simply collect and report information furnished by others." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). To that point, the Parties both rely on a Second Circuit case, *Mader v. Experian Information. Solutions., Inc*, which the Court finds persuasive here. 56 F.4th 264. In *Mader*, the Second Circuit made clear that while CRAs are not tribunals, that "does not mean that credit reporting agencies are never required by the FCRA to accurately report information derived from the readily verifiable and straightforward application of law to facts." *Id.*, 56 F.4th at 270. Indeed, the Second Circuit has held that "if a legal question is sufficiently settled so that the import on a particular debt is readily and objectively verifiable, the FCRA sometimes requires that the implications of that decision be reflected in credit reports," which "involves some knowledge of the legal impact of court decisions." *Id.* at 271. "What the FCRA does not require, however, is that credit reporting agencies resolve unsettled legal questions." *Id.* at 271.

Plaintiff alleges that Equifax "did not reasonably investigate [her] dispute and did not update her credit report to reflect the loan as discharged in bankruptcy." (Compl. ¶ 57). Moreover, Plaintiff alleges that Defendant's procedures were unreasonable because it "knew and should have known that this loan was a Non-Qualified Education Loan" and was discharged solely by virtue of Plaintiff's bankruptcy proceeding. (*Id.* ¶ 58). Plaintiff contends that Defendant could adopt reasonable procedures to ensure the maximum possible accuracy of reported credit information, "such as by requiring furnishers of credit information to indicate through a binary code whether each education loan reported was issued for attendance at a Title

IV institution. If it was not a Title IV institution, and the loan was obtained pre-bankruptcy, then the debt would have been discharged in bankruptcy, and Defendant could so report it." (*Id.* ¶¶ 125, 136).

Plaintiff contends that the fact that a debt has been the subject of a bankruptcy proceeding is readily and objectively verifiable and Defendant employed unreasonable procedures when it failed to realize the status of her loan. Courts have held that reasonable procedures for CRAs can include reviewing bankruptcy dockets and cross referencing its own data with other available data to determine whether a consumer's loan has been discharged. *See Ashcraft v. Welk Resort Grp. Corp.*, 2021 WL 950658, at *7 (D. Nev. Mar. 12, 2021) ("[A] rational fact finder could find that reviewing the records in a bankruptcy case or reconciling its own public-record data with its tradeline data are reasonable procedures for a CRA to undertake when reinvestigating a consumer's dispute that his account should be reported as discharged or obtaining information from a furnisher about that account."). Plaintiff argues that CRAs routinely check PACER to determine whether debts have been discharged. (Resp. 19:9–10, ECF No. 25). Further, the additional step of determining whether the private student loan was made to a student who attended a Title IV school is also objectively verifiable. (*Id.* 19:10–12). The Court agrees with Plaintiff that the FCRA imposes a duty upon Defendant to accurately report information derived from the readily verifiable and straightforward application of law to facts and that includes reviewing bankruptcy dockets, PACER, or publicly available data about a school's Title IV status. Plaintiff has adequately alleged that Defendant failed to follow reasonable procedures to assure maximum possible accuracy. Thus, Plaintiff's Complaint contains sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face as to this element as well.

### B. Declaratory and Injunctive Relief

Defendant moves to dismiss, or in the alternative moves to strike,[2] Plaintiff's declaratory and injunctive relief sought because it contends that declaratory and injunctive relief are not available to private litigants under the FCRA. (Mot. Dismiss 16:10–12). The Court need not determine the merits of Defendant's arguments, however, at this stage.

The Ninth Circuit has held that "a motion to dismiss for failure to state a cause of action should not be granted unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *United States v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963). Indeed, many courts refuse to grant motions under 12(b)(6) "merely because a plaintiff requests a remedy to which he or she is not entitled." *Cent. Sierra Env'tl Res. Ctr. v. Stanislaus Nat'l Forest*, 304 F. Supp. 3d 916, 955 n.28 (E.D. Cal. 2018) *(*quoting *Massey v. Banning Unified Sch. Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003) (citation and alteration omitted). "It need not appear that plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted." *Doe v. U.S. Dep't of Just.*, 753 F.2d 1092, 1104 (D.C. Cir. 1985). Indeed "[t]he availability of the specific relief requested pursuant to any given count of the Complaint is not relevant to the question of whether [plaintiff] has stated a claim." *Burkina Wear, Inc. v. Campagnolo, S.R.L.,* No. 07 Civ. 3610, 2008 WL 1007634, at *3 (S.D.N.Y. Apr. 9, 2008). Accordingly, the Court declines to dismiss Plaintiff's claims for injunctive and declaratory relief at this stage of the proceedings.

---

[2] While Defendant articulated the legal standard for FRCP Rule 12(f) and stated conclusively that Plaintiff's request for injunctive and declaratory relief should be stricken, it did not offer any arguments for why the Court should strike such relief. (*See generally* Mot. Dismiss).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 18), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave, (ECF No. 33), is **DENIED as MOOT**.

**DATED** this __30__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court