George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
ghaines@freedomlegalteam.com
gavalos@freedomlegalteam.com
Phone: (702) 880-5554
FAX: (702) 385-5518
*Attorneys for Plaintiff Theresa Stone*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Theresa Stone, Carter Sullivan and Edalia Sullivan, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Equifax Information Services LLC, Trans Union LLC and Experian Information Solutions, Inc.,<br><br>    Defendants. | Case No.: 2:24-CV-00195-GMN-EJY<br><br>**Stipulation and Order to Extend Discovery Deadlines**<br><br>**(Third Request)** |

Theresa Stone, Carter Sullivan and Edalia Sullivan ("Plaintiffs"), Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union") (jointly as the "Parties"),[1] by and through their respective counsel, hereby stipulate to modify the Court's Discovery Plan and Scheduling Order. Pursuant to LR 26-4, the Parties' proposed discovery schedule extending all deadlines by 90 days is listed below.

---

[1] The lone claim against Defendant Experian by Plaintiff Carter Sullivan was compelled to arbitration by order of the Court. (ECF No. 93).

STIPULATION    - 1 -

Pursuant to LR 26-4, good cause exists to amend the Scheduling Order. The Parties have diligently pursued discovery but need additional time to complete discovery, including concluding documentary discovery, conducting any depositions, and potentially obtaining third-party discovery from student loan servicers that furnish credit information and/or users who accessed credit information about Plaintiffs from Equifax and Trans Union.

### A.    Statement of Completed Discovery

The Parties have engaged in substantial discovery since the inception of this action. Plaintiff Stone and Equifax exchanged initial disclosures and served written discovery, including interrogatories and requests for production, in 2024. Discovery was then stayed from August 29, 2024 to January 30, 2025. The Parties served responses and engaged in meet-and-confer discussions regarding the scope and sufficiency of those responses throughout 2024 and after the stay was lifted in 2025. On May 9, 2025, Plaintiffs filed an Amended Complaint adding Carter Sullivan and Edalia Sullivan as Plaintiffs and Trans Union LLC and Experian Information Solutions, Inc. as Defendants, expanding the scope of the case and requiring additional discovery. Following the Amended Complaint, Equifax served written discovery on the Sullivan Plaintiffs in December 2025, and Plaintiffs served their responses and document productions in February 2026. Equifax also served supplemental and additional discovery on Plaintiff Stone and Plaintiff Edalia Sullivan, and the parties have exchanged correspondence regarding deficiencies in Plaintiffs' responses. Equifax served Amended Initial Disclosures on March 17, 2026, to account for the expanded scope of the case.

Plaintiffs' counsel also actively worked to resolve Plaintiff Carter Sullivan's claim against Experian, which filed a motion to compel arbitration on May 20, 2025. After briefing, the motion was ultimately granted by this Court on February 3, 2026.

On September 12, 2025, Plaintiffs served their first requests for production and interrogatories on Trans Union. On October 14, 2025, Trans Union served objections and responses to Plaintiffs' first requests for production and interrogatories directed to Trans Union.

STIPULATION                          - 2 -

On January 6, 2026, Trans Union requested from Plaintiffs all discovery requests and all responses to discovery that have been served by all parties in this case along with any productions that have been made by any party to date. On January 14 and 23, 2026, Plaintiffs provided Trans Union with the requested discovery materials.

On February 11, 2026, the Parties held a Rule 26(f) conference at Trans Union's request as it was not a party at the time of the initial Rule 26(f) conference.

On February 12, 2026, Trans Union served its first requests for production, interrogatories, and requests for admission on Plaintiffs. Plaintiffs sought and obtained a two-week extension from Trans Union in exchange for agreeing to extend deadlines for Trans Union to depose Plaintiffs.

On March 19, 2026, the Parties met and conferred about the deficiencies Plaintiffs raised with Trans Union's October 14, 2025 objections and responses to Plaintiffs' first requests for production and interrogatories directed to Trans Union and the instant Stipulation. Discovery is ongoing.

Despite the considerable volume of discovery exchanged to date, additional discovery remains, including the resolution of outstanding deficiency issues, depositions, and any third-party discovery that may be required. Pursuant to LR 26-4(b), the Parties therefore request that the discovery period be extended by ninety (90) days to allow sufficient time to complete discovery.

**B.      Description of Remaining Discovery**

1.   Supplementing written discovery and document production to and from all Parties; [2]

2.   Discovery from third parties;

3.   Expert discovery; and

4.   Depositions of Plaintiffs, Defendants, and witnesses;

---

[2] Equifax and Plaintiffs agree that additional written discovery, if any, should be limited, absent a showing of good cause, to new issues revealed through document discovery, depositions or third-party discovery. Nothing herein shall prevent the parties from receiving or producing documents coming within the scope of their discovery requests already served.

STIPULATION                                      - 3 -

**C.    Reasons Why Remaining Discovery Was Not Completed by Current Deadlines**

Pursuant to LR 26-4(c), there are several reasons the remaining discovery will not be completed within the time limits set by the discovery plan. First, several members of Plaintiffs' counsel's team have been dealing with family health issues, and one member of Plaintiffs' counsel experienced a death in the family. Over the same time period, the parties were also engaged in briefing Trans Union's Motion for Judgment on the Pleadings. The Parties will need to complete more document discovery before depositions can be scheduled. Plaintiffs' counsel also believes that limited third-party discovery from student loan servicers that furnish credit information about class members may be necessary in order to obtain information about class members for the purposes of Plaintiffs' Motion for Class Certification. In addition, limited third-party discovery may be needed to assess Plaintiffs' claimed damages.

Furthermore, Trans Union has entered this action relatively recently compared to Equifax. The Parties wish to coordinate discovery so that all Parties remain on the same schedule.

The Parties have met and conferred on these issues and will work cooperatively to resolve any discovery disputes that may arise as quickly as possible.

This is the Parties' third request for an extension of these deadlines and the Parties respectfully submit that the requested extension is supported by good cause, is made in good faith, and not intended to delay these proceedings unnecessarily.

**D.    Trans Union's Fully Briefed Rule 12(c) Motion**

On December 23, 2025, Trans Union filed a Rule 12(c) Motion for Judgment on the Pleadings ("Rule 12(c) Motion") seeking judgment on all the claims asserted against Trans Union in Plaintiffs' First Amended Complaint.

On February 5, 2026, Plaintiffs filed their opposition to Trans Union's Rule 12(c) Motion, and on February 19, 2026, Trans Union filed its reply in support of its Rule 12(c) Motion.

Given that Trans Union's Rule 12(c) Motion is fully briefed, and concerns issues relevant to Plaintiffs' class claims, Trans Union requests a ruling on the Rule 12(c) Motion at the Court's earliest convenience, and ideally in advance of briefing Plaintiffs' Motion for Class Certification.

**E.     Proposed Scheduling Order**

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Amending the Pleadings and Adding Parties | August 15, 2025 | August 15, 2025 (no change) |
| Close of fact discovery | April 16, 2026 | July 15, 2026 |
| Mediation (if desired by Parties) | May 1, 2026 | July 30, 2026 |
| Plaintiffs' expert disclosures | May 18, 2026 | August 17, 2026 |
| Defendants' expert disclosures | July 17, 2026 | October 15, 2026 |
| Close of expert discovery | August 31, 2026 | November 30, 2026 |
| Plaintiffs' Motion for Class Certification | May 18, 2026 | August 17, 2026 |
| Defendants' Response(s) in Opposition | July 17, 2026 | October 15, 2026 |
| Plaintiffs' Reply in Support of Class Certification | August 7, 2026 | November 5, 2026 |

The Parties shall file a stipulation with proposed dates for filing dispositive motions, if any,, no later than 30 days after this Court renders a decision on Plaintiffs' Motion for Class Certification.[3]

Pursuant to LR 26-1(b)(5), unless the discovery plan otherwise provides and the Court so orders, the deadline for the joint pretrial order shall be 30 days after the dispositive motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the Court's decision on the dispositive motions or further court order.

**IT IS SO STIPULATED.**

Dated:  March 25, 2026.

---

[3] In the event the Court grants Plaintiffs' Motion for Class Certification, Defendants need time to consider the impact of the ruling on the litigation and to allow time for Plaintiffs to identify class members, and for class members to receive notice of their right to opt-out and to opt-out, if desired, which should occur prior to the filing of, or at least prior to the ruling on, any dispositive motions.

| | |
|---|---|
| */s/ Scott C. Harris*<br>George Haines<br>Nevada Bar No. 9411<br>Gerardo Avalos<br>Nevada Bar No. 15171<br>**FREEDOM LAW FIRM**<br>8985 South eastern Ave., Suite 100<br>Las Vegas, Nevada 89123<br>(t) 702-880-5554<br>ghaines@freedomlegalteam.com<br>gavalos@freedomlegalteam.com<br>info@freedomlegalteam.com<br>George F. Carpinello (*Pro Hac Vice*)<br>Adam R. Shaw (*Pro Hac Vice*)<br>**BOIES SCHILLER FLEXNER LLP**<br>30 S. Pearl St., 12th Floor<br>Albany, NY 12207<br>Telephone: (518) 434-0600<br>Fax: (518) 434-0665<br>gcarpinello@bsfllp.com<br>ashaw@bsfllp.com<br><br>Scott C. Harris *(Pro Hac Vice)*<br>North Carolina Bar No. 35328<br>**BRYSON HARRIS SUCIU & DEMAY, PLLC**<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>(t) 919-600-5000<br>sharris@brysonpllc.com<br><br>*Attorneys for Plaintiffs* | */s/ Billie B. Pritchard*<br>Gia N. Marina<br>Nevada Bar No. 15276<br>**CLARK HILL PLLC**<br>1700 S. Pavilion Center Drive, Suite 500<br>Las Vegas, Nevada 89135<br>E-mail: gmarina@clarkhill.com<br>Telephone: (702) 862-8300<br>Facsimile: (702) 778-9709<br><br>Zachary A. McEntyre (*pro hac vice*)<br>Billie B. Pritchard (*pro hac vice*)<br>**KING & SPALDING LLP**<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br>zmcentyre@kslaw.com<br>bpritchard@kslaw.com<br><br>*Attorneys for Defendant Equifax Information Services LLC* |

| | |
|---|---|
| **IT IS SO ORDERED.**<br><br>_____<br>**U.S. MAGISTRATE JUDGE**<br><br>**Date:  March 25, 2026** | */s/ Albert E. Hartmann*<br>Sarai L. Brown, Esq. (SBN 11067)<br>sbrown@skanemills.com<br>**SKANE MILLS LLP**<br>1120 Town Center Drive, Suite 200<br>Las Vegas, NV 89144<br>T: (702) 363-2535<br>F: (702) 363-2534<br><br>Michael O'Neil (Pro Hac Vice)<br>michael.oneil@reedsmith.com<br>Albert E. Hartmann (Pro Hac Vice)<br>ahartmann@reedsmith.com<br>Kristen A. DeGrande (Pro Hac Vice)<br>kdegrande@reedsmith.com<br>**REEDSMITH LLP**<br>**10** S. Wacker Drive, 40th Floor<br>Chicago, IL 60606<br>T: (312) 207-1000<br>F: (312) 207-6400 |